UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JARROD MARQUEL JOHNSON | ) | |
| | ) | |
| v. | ) | Case No. CV415-056 |
| | ) | CR413-065 |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Jarrod Johnson moves *pro se* for 28 U.S.C. § 2255 relief, claiming that his attorney's deficient performance and the Bureau of Prisons have unwittingly and unconstitutionally conspired to deprive him of sentencing credit for time served between his arrest and guilty plea. Doc. 185 at 4.[1] The government opposes on the merits and because the Court allegedly lacks jurisdiction to decide the issue. Doc. 192.

On January 10, 2014, Johnson pled guilty to possession of stolen bank money. Doc. 143. The district court sentenced him on March 21, 2014 to 57 months in prison, to be served "consecutive with Superior Court case CR08-2718." Doc. 161 at 1. The minute entry for the sentencing hearing also notes "credit for time served since 3/22/13." *Id.*

---

[1] The Court is citing to the criminal docket using the pagination imprinted by the CM/ECF docketing software.

Johnson took no appeal, but timely filed the present motion on March 4, 2015. Doc. 185. In the motion itself he claims only ineffective assistance of counsel (IAC). Quoting all of Johnson's supporting facts:

> Before and after my guilty plea it was stated by my attorney and sentencing judge that I would receive all jail credit from March 22, 2013 which was the day I was arrested. My attorney did not give me all detail to my jail credit time regarding the Bureau of Prisons not honoring my plea agreement for jail credit. . . . Had I been advised about this issue involving the B.O.P. I would not have plead guilty without assuring my jail credit time.

Doc. 185 at 4. His reply brief, however, makes clear that Johnson's actual complaint is that "the BOP is not honoring the recommendation [that he receive credit for time served since March 22, 2013] due to the fact that the sentencing court ordered movant's sentence to be served consecutive to a pending probation (state) violation which the state subsequently ordered such violation to run concurrent to his federal sentence." Doc. 193 at 1.

A claim "for credit for time served," however, "'is in the first instance an administrative, not a judicial function.'" *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)).

> Congress has accorded the Attorney General with initial discretion to determine credit for time served by a defendant. Under the

> relevant statute, "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence is imposed." 18 U.S.C. § 3568. . . . Accordingly, a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. *Id.* at 1390; *see, e.g., United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir. 1982) (defendant must pursue administrative remedies before district court has jurisdiction).

*Flanagan*, 868 F.2d at 1546 (footnotes omitted); *see also United States v. Lehman*, 2010 WL 1949483 at *1 (S.D. Ga. May 12, 2010) (same); *Carter v. United States*, 2013 WL 6028536 (S.D. Ga. Nov. 13, 2013) (the task of computing credit for time spent in official detention is reserved to the Attorney General, through the BOP).

And because that judicial review examines the execution of a sentence, a 28 U.S.C. § 2241 petition provides the proper procedural vehicle. *See Nyhuis*, 211 F.3d at 1345; *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241). That in turn must be filed in the district where a prisoner is confined. *See* 28 U.S.C. § 2241(a); *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011) ("[A] petition for writ of habeas corpus pursuant to § 2241 'may be brought only in the

district court for the district in which the inmate is incarcerated.'") (quoting *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

Johnson appears to acknowledge his claim's exhaustion requirement since the alternative remedy he seeks is a "stay [of] proceedings till the resolution of movant's ad-remedies and exhaustion pertaining to jail credit." Doc. 193 at 2. A stay, however, would be pointless.[2] After exhaustion, this Court will lack jurisdiction over Johnson's claim since to obtain judicial review he must file a § 2241 petition in his district of confinement (which is not the Southern District of Georgia).[3] *Pruitt*, 417 F. App'x at 904 (judicial review of "time served credit" claims must fall under § 2241, whose petitions must be filed in the district of confinement).

---

[2] Johnson's other requested relief -- that the Court "consider the facts and correct the matter so that the BOP can honor the credit the judge granted," doc. 193 at 1 -- simply ignores the fact that the Court lacks jurisdiction over this matter until he exhausts his administrative remedies. *See Pruitt*, 417 F. App'x at 904 (district court did not err in dismissing "time served credit" claims for lack of jurisdiction because inmate "failed to show he exhausted his administrative remedies").

[3] The BOP's inmate locator shows that Johnson currently resides at USP Big Sandy in Inez, Kentucky, which sits in the Eastern District of Kentucky. *See* Bureau of Prison's Inmate Locator, available at www.bop.gov/inmateloc.

4

Hence, the Court **DENIES** the present motion (doc. 185) without prejudice to Johnson refiling it as a § 2241 petition in the Eastern District of Kentucky (or another district if the BOP transfers him before exhaustion) after exhausting the BOP's administrative remedies. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1).

**SO REPORTED AND RECOMMENDED** this  3rd  day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA